IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-1154 |
| A-UNIQUE HOME BUILDERS, INC., ROY L. OWENS, SR., and DELORES M. OWENS, | § § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff The Insurance Company of the State of Pennsylvania's Motion for Summary Judgment (Document No. 17) and Motion for Summary Judgment (Document No. 19).[1]  Defendants have not responded to either motion, and the motions are therefore deemed unopposed pursuant to Local Rule 7.4.  After having reviewed the motions and the applicable law, the Court concludes that the motions should be granted.

---

[1] On February 17, 2005, Plaintiff filed its first motion for summary judgment against Roy L. Owens, Sr. and Delores M. Owens. Document No. 17.  Plaintiff did not seek a judgment against A-Unique Home Builders, Inc. ("A-Unique") at that time because A-Unique was in bankruptcy.  On February 22, 2005, however, the Court dismissed the bankruptcy action on the grounds that the bankruptcy petition had been unlawfully filed in the name of A-Unique by a non-attorney.  Accordingly, the bankruptcy stay is no longer in effect, and Plaintiff now seeks summary judgment also against A-Unique as well.  The two motions for summary judgment are virtually identical and are therefore considered together.

I. <u>Background</u>

Plaintiff The Insurance Company of the State of Pennsylvania ("Plaintiff") brings this action to recover damages from Defendants Roy L. Owens, Sr. and Delores M. Owens (collectively, "Owens") and A-Unique (collectively, "Defendants") under a General Agreement of Indemnity (the "Agreement"). On October 4, 1999, Defendants entered into the Agreement in order to induce Plaintiff, as surety, to underwrite a payment bond (the "Payment Bond") and a performance bond (the "Performance Bond") (collectively, the "Bonds"). *See* Document No. 17 ex. 1. In the Agreement, Defendants assumed joint and several liability and agreed fully to indemnify and hold harmless Plaintiff from any and all demands, claims, losses, costs, and expenses of whatsoever kind or nature, including court costs and attorney's fees, incurred or sustained by Plaintiff on account of having issued the Bonds. <u>Id.</u> ex. 1-A.

Plaintiff thereafter issued the Bonds on behalf of A-Unique in connection with a construction project (the "Project") undertaken by A-Unique for East Houston Estate Apartments, LLC ("East Houston"). <u>Id.</u> ex. 1. Plaintiff later received multiple claims on the Bonds. <u>Id.</u> After investigating the claims and conferring with Defendants as to the validity of the claims, Plaintiff determined that it was liable under the Bonds to pay several claims, which it paid. <u>Id.</u> As a result, Plaintiff sustained damages in the sum of $76,026.94, which Defendants have not reimbursed to Plaintiff. <u>Id.</u>

Plaintiff seeks a judgment against A-Unique and Owens for the claims it paid as surety, plus its attorney's fees and expenses incurred in connection with the instant lawsuit.

## II.  Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive

evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

A motion for summary judgment "cannot be granted simply because there is no opposition." Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the unopposed motion and grant summary judgment when a prima facie showing for entitlement to judgment is made. *See* Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Rayha v. United Parcel Serv., Inc., 940 F. Supp. 1066, 1068 (S.D. Tex. 1996) (Gilmore, J.).

III. Discussion

On a state law claim of indemnification Plaintiff must establish: (1) a contractual indemnity agreement existed between Plaintiff and Defendants; (2) the agreement obligated Defendants to indemnify Plaintiff in the event claims were made on the Bonds issued to A-Unique; (3) claims were made on the Bonds issued to A-Unique; (4) all conditions precedent for recovery have occurred, been performed, waived, or excused;  and (5) Plaintiff has been damaged.  *See* Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 719 (5th Cir. 1995); United States Fire Ins. Co. v. Rey-Bach, Inc., No. CIV.A. 3:03-CV-2133-K, 2004 WL 1836314, at *2 (N.D. Tex. Aug. 16, 2004).[2]  Courts construe indemnity agreements in accordance with the rules governing the construction of contracts generally: the primary goal is to ascertain and give effect to the parties' intent as expressed in the contract, and unambiguous provisions will be enforced according to their terms.  *See* Gulf Ins. Co. v. Burns Motors, 22 S.W.3d 417, 423 (Tex. 2000); Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc., 662 S.W.2d 951, 953 (Tex. 1983); Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 510 A.2d 1152,

---

[2] Although Plaintiff assumes that Texas law governs its indemnity claims, the Agreement contains a Choice of Law Provision that states: "The execution of the terms and conditions of this indemnity agreement are expressly controlled by the laws of the State of New Jersey."  *See* Document No. 17 ex. A.  It appears, however, that there are no relevant differences between Texas indemnity law and New Jersey indemnity law as applied to the facts of this case.

5

1159 (N.J. 1986); <u>Andre Constr. Ass'n, Inc. v. Catel, Inc.</u>, 681 A.2d 121, 123 (N.J. Super. Ct. Law Div. 1996).

In support of its motions for summary judgment, Plaintiff submits a copy of the Agreement, which bears the signatures of Delores M. Owens and Roy L. Owens, Sr. individually and in their respective capacities as Corporate Secretary and President of A-Unique.  *See* Document No. 17 exs. 1, 1-A.  The Agreement identifies A-Unique as the "Contractor," Owens as the "Indemnitors," and Plaintiff as the "Surety," and states in relevant part:

> The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands, and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, attorney fees, interest, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur: (A) By reason of having executed or procured the execution of any Bond or Bonds; (B) By reason of the failure of the CONTRACTOR or INDEMNITORS to perform or comply with any of the covenants or conditions of this Agreement; (C) in enforcing any of the covenants and conditions of this Agreement; (D) in making any investigation, obtaining or attempting to obtain a release, or recovering or attempting to recover loss or unpaid bond premiums in connection with any Bond; (e) in prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRACTOR and INDEMNITORS to make arrangements for SURETY's legal representation. . . .
> 
> The obligations of the INDEMNITORS hereunder are joint and several.

<u>Id.</u> ex. 1-A.  This language obligates Defendants to indemnify Plaintiff for funds expended in connection with claims against the

Bonds issued by Plaintiff on behalf of A-Unique for the Project. The uncontested summary judgment evidence is that when claims were made on the Bonds, Plaintiff sustained damages in the amount of $76,026.94.  Id. ex. 1.  Plaintiff made demand upon Defendants to pay the sums owed on November 14, 2002, and again on January 15, 2003, but no payment has been received.  Id.  Because Defendants have failed to file a response to the motions for summary judgment, they have not challenged the validity of the Agreement, their liability under the Agreement's plain language, or Plaintiff's list of claims paid and expenses incurred in connection with this lawsuit.  Id. exs. 1, 2.  The uncontroverted summary judgment evidence is that Plaintiff is entitled to summary judgment for $76,026.94 paid in connection with claims on the Bonds, plus prejudgment interest sought by Plaintiff in the amount of 5% per annum beginning thirty (30) days after the date of last demand, which date would be February 14, 2003, reasonable attorney's fees, and costs of court.

IV.  Order

Accordingly, it is hereby

ORDERED that Plaintiff The Insurance Company of the State of Pennsylvania's Motion for Summary Judgment (Document No. 17) and Motion for Summary Judgment (Document No. 19) are GRANTED. Plaintiff shall have and recover of and from Defendants A-Unique

Home Builders, Inc., Roy L. Owens, Sr., and Delores M. Owens, jointly and severally, actual damages established by the summary judgment evidence in the amount of $76,026.94, accrued prejudgment interest in the amount of $9,269.02, and reasonable attorney's fees in the amount of $8,050.00, for a total judgment sum of $93,345.96.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 24th day of August, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE